# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUBEN ANTONIO JARAMILLO, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-08-CV-1003-XR |
| | § | |
| NATHANIEL A. QUARTERMAN, | § | |
| Director, Texas Department of Criminal | § | |
| Justice, Correctional Institutions Division, | § | |
| | § | |
| *Defendant*. | § | |

**ORDER ON MAGISTRATE JUDGE'S MEMORANDUM & RECOMMENDATION**

On this date, the Court considered the United States Magistrate Judge's Memorandum and Recommendation in the above-numbered and styled case. (Docket Entry No. 19). After careful consideration, the Court will accept the recommendation and dismiss claims one and two for failure to exhaust state remedies and deny the remainder of the application.

Ruben Antonio Jaramillo ("Petitioner") is an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division. Jaramillo was found guilty of aggravated robbery in the 187th Judicial District Court of Bexar County, Texas, and sentenced to serve 45 years. The Texas Fourth Court of Appeals affirmed his conviction. He did not file a petition for review with the Texas Court of Criminal Appeals. He subsequently filed an application for a state writ of habeas corpus, which was denied.

Jaramillo filed a petition for a writ of habeas corpus in federal court on December 12, 2008, challenging his state court conviction and alleging that (1) the conviction violated his right against self-incrimination, (2) the prosecution failed to disclose unfavorable evidence, (3) he received

1

ineffective assistance of counsel, (4) the evidence was insufficient, and (5) the prosecution suggested to the jury that Jaramillo intended to kill his victim. (Pet. for Writ of Habeas Corpus (Dec. 12, 2008) [Docket Entry No. 1].) On August 24, 2009, the Magistrate Judge issued a memorandum on the petition and recommended that the Court dismiss claims one and two for failure to exhaust state remedies and that the remainder of the petition be denied. (Magistrate Judge's Mem. & Recommendation (Aug. 24, 2009) [Docket Entry No. 19].) Jaramillo requested that he be afforded additional time to object beyond the ten day-deadline established by 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). (Mot. for Extension of Time to File Resp. (Sept. 4, 2009) [Docket Entry No. 23].) The Court granted the motion, giving the petitioner a deadline of October 1, 2009, to file his objections. (Order (Sept. 10, 2009) [Docket Entry No. 24].) Jaramillo has not objected to the Magistrate Judge's Memorandum & Recommendation.

Where no party has objected to the Magistrate Judge's Memorandum and Recommendation, the Court need not conduct a de novo review of it. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made"). In such cases, the Court need only review the Memorandum and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).

The Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(b), precludes a federal court from granting a petition for a writ of habeas corpus by a person in custody pursuant to a state court judgment unless he has exhausted available state court remedies. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Here, the Magistrate Judge found that the petitioner did not exhaust his state

court remedies regarding his claims (1) that the conviction violated his right against self-incrimination and (2) that the prosecution failed to disclose unfavorable evidence. The Magistrate Judge found that the state court's determination that Jaramillo was not denied effective assistance of counsel was not contrary to and did not involve an unreasonable application of clearly-established federal law. Moreover, the Court found that the evidence was sufficient to find Jaramillo guilty of aggravated robbery and that any comments made by the prosecution did not infect the trial with unfairness to such a degree to make the conviction a denial of due process.

The Court has reviewed the report and recommendation and finds it to be neither clearly erroneous nor contrary to law. Accordingly, the Court will ACCEPT the Magistrate Judge's recommendation. Claims one and two of petitioner's application for a writ of habeas corpus are DISMISSED for failure to exhaust state remedies and the remainder of the petition is DENIED.

It is so ORDERED.

SIGNED this 10th day of November, 2009.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE